# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD' RASHEED a.k.a. JAMES E. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>W. A. ADAMS,<br><br>Defendant.<br>_____/ | CASE NO. 1:09-cv-00779 OWW DLB PC<br><br>ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED<br><br>(Doc. 1) |

Plaintiff Tahee Abd' Rasheed, CDC# J-74120, a.k.a. James E. Smith ("Plaintiff"), CDCR# J-74120, is a state prisoner proceeding pro se in this civil action filed on April 30, 2009.[1]

28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff has had three or more actions

---

[1] The complaint lists Tahee Abd' Rasheed and Lillian Smith as the plaintiffs in this action. The complaint is signed only by Plaintiff Tahee Abd' Rasheed ("Plaintiff"). Plaintiff states this is a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by plaintiff Tahee Abd' Rasheed a.k.a. James Smith, rather than as a class action.

1

dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[2] Thus, plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.

Plaintiff's claims arise from the denial of notary services, which Plaintiff contends has led of violations of his rights under the First, Sixth, and Fourteenth Amendments of the United States Constitution. The Court has reviewed Plaintiff's complaint and does not find that Plaintiff is under imminent danger of serious physical injury. Therefore he may not proceed in forma pauperis in this action. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff has thirty days to pay the $350.00 filing fee in full or this action will be dismissed.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to proceed in forma pauperis in this action; and

2. Plaintiff shall pay the $350.00 filing fee in full within **thirty (30) days** or this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   May 6, 2009**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

---

[2] Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are case numbers 3:06-cv-05992-SI Smith v. Holm (N.D. Cal.) (dismissed 01/22/2007 for failure to state a claim); 1:07-cv-00509-LJO-SMS Smith v. Scribner (E.D. Cal.) (dismissed 05/04/2007 for frivolousness, maliciousness, and failure to state a claim); 1:06-cv-00310-AWI-NEW (DLB) PC (E.D. Cal.) (dismissed 05/09/2007 for failure to state a claim); and 1:07-cv-00531-AWI-SMS Smith v. Social Sec. Admin. Office, Employees (E.D. Cal.) (dismissed 05/09/2007 for failure to state a claim).

2